UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MIHAITA CONSTANTIN,

        Plaintiff,

    v.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT; SHERIFF LOU
BLANAS, individually and in
official capacity as Sheriff
of the Sacramento County
Sheriff's Department; DEPUTY
C. MASON; DEPUTY PARKER;
DEPUTY MORCK; DEPUTY PAI;
DEPUTY DE LA CRUS; DOES I
through XXX, inclusive,

        Defendants.

CASE NO. CIV 04-1247 WBS

ORDER

----oo0oo----

        Presently before the court is defendants' motion for summary judgment pursuant to Federal Rules of Civil Procedure 56 and 25.  No opposition has been filed.

I.   Factual and Procedural Background

        On or about July 13, 2003, plaintiff was arrested by the California Highway Patrol and placed into a holding cell at

1

1  the Sacramento Main Jail at 541 "I" Street in Sacramento,

2  California.  (Compl. ¶ 13.)  While in custody, plaintiff was

3  allegedly assaulted without provocation by officers of the

4  Sacramento County Sheriff's Department.  (Id. ¶ 14.)  On June 29,

5  2004, plaintiff filed a complaint alleging various constitutional

6  violations under 42 U.S.C. § 1983 and the following state law

7  claims: negligent hiring, training, supervision and retention;

8  negligence; assault; battery; conspiracy; and negligent and

9  intentional infliction of emotional distress.  (Compl.)

10 Plaintiff sought compensatory, general, special, punitive, and

11 exemplary damages against each defendant.  (Id. at 11 (prayer for

12 relief).)

13         Plaintiff died in a car accident on May 14, 2005.

14 (Aug. 26, 2005 Statement of Fact of Death of Pl.)  Plaintiff's

15 attorney filed a statement of fact of death of plaintiff,

16 pursuant to Federal Rule of Civil Procedure 25, stating only that

17 plaintiff is deceased, on August 26, 2005.  (Id.)  Later, on

18 December 6, 2005, defendants filed a supplemental statement of

19 fact of death of plaintiff and request for judicial notice,

20 attaching a copy of the death certificate of Mihaita Constantin

21 and noting that the court has appointed Lucian Stanciu special

22 administrator of decedent's estate.  (December 6, 2005 Supp.

23 Statement of Fact of Death of Pl. and Request for Judicial

24 Notice.)

25 ///

26 ///

27 ///

28 ///

                                   2

1  II.   <u>Discussion</u>

2        Rule 25(a)(1) provides that:

3        If a party dies and the claim is not thereby
         extinguished, the court may order substitution
4        of the proper parties. . . .  Unless the motion
         for substitution is made not later than 90 days
5        after the death is suggested upon the record by
         service of the statement of fact of the death
6        as provided herein for the service of the
         motion, the action shall be dismissed as to
7        the deceased party.

8  Fed. R. Civ. P. 25(a)(1).  Further, Rule 25 specifies that a

9  motion for substitution may be made by any party or by the

10 successors or representatives of the deceased party.   <u>Id.</u>

11       Plaintiff's former attorney's filing of August 26, 2005

12 cannot be a "suggestion of death" that would trigger the 90-day

13 limitation on filing a motion for substitution, because it was

14 not filed by a party or by a successor or representative for the

15 deceased party.  <u>See</u> <u>Fehrenbacher v. Quackenbush</u>, 759 F. Supp.

16 1516, 1518 (D. Kan. 1991) (quoting Charles A. Wright et al.,

17 Federal Practice and Procedure § 1955 at 545 (2d ed. 1986)) ("The

18 attorney for the deceased party may not make the suggestion of

19 death since he is not himself a party to the action and, since

20 his authority to represent the deceased terminated on the death,

21 he is not a 'representative of the deceased party' of the sort

22 contemplated by the rule."); <u>Rende v. Kay</u>, 415 F.2d 983, 985

23 (D.C. Cir. 1969) (holding that "[a]lthough the attorney for the

24 defendant was retained to 'represent' the deceased as his

25 counsel, he is not a person who could be made a party, and is not

26 a 'representative of the deceased party' in the sense

27 contemplated by Rule 25(a)(1)").

28 ///

1    However, defendants' subsequent filing of December 6,

2  2005 did start the 90-day period running because it was filed by

3  a party.   The 90-days from that date have now expired, and no

4  motion for substitution has been filed.[1]

5    IT IS THEREFORE ORDERED that this action be, and the

6  same hereby is, DISMISSED.[2]

7  DATED:  March 18, 2006

8

9

_____

10  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21  [1]    The court recognizes that Fed. R. Civ. P. 6(b) would
    authorize it to extend the time in which to file a motion for
22  substitution either before or after the expiration of the ninety-
    day period.  See Dukens Kernisant v. City of New York, 225 F.R.D.
23  422, 427 (E.D.N.Y. 2005) (citing Charles A. Wright et al.,
    Federal Practice and Procedure § 1955 at 546 (2d ed. 1986)); see
24  also Kaubisch v. Weber, 408 F.3d 540, 541 (8th Cir. 2005).
    However, no application for such an extension has been made, and
25  in light of plaintiff's counsel's apparent lack of interest in
    proceeding with this case the court sees no valid reason to enter
26  such an order sua sponte.

27  [2]    Defendants' alternative motion for partial summary
    judgment on the state law claims and the claims for pain and
28  suffering and punitive damages need not be considered because it
    is rendered moot by this order.

4